IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OVSANNA AGOPIAN, § | |
| Petitioner, § | |
| § | 3:15-CV-2702-N |
| v. § | 3:11-CR-0308-N |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. She was charged in an eight-count superseding indictment that charged her and others with conspiracy to commit healthcare fraud and substantive healthcare fraud offenses. Petitioner pled guilty to the conspiracy charge (count one) pursuant to a written plea agreement and plea agreement supplement. The district court sentenced Petitioner to a 120-month prison term. On appeal, her counsel filed an *Anders* brief. Petitioner moved to strike the *Anders* brief and requested new counsel, but the Fifth Circuit denied her motions and dismissed her appeal. *United States v. Agopian*, 564 F. App'x 72, 73 (5th Cir. 2014).

On August 18, 2015, Petitioner filed this § 2255 petition. She argues she received

ineffective assistance of counsel when her counsel promised her that if she pled guilty, the government would file a motion under U.S.S.G. § 5K1.1 to sentence her below the sentencing guidelines, and she would be sentenced to no more than 3 to 6 years in prison.

On October 26, 2015, the government filed its response. On November 25, 2015, Petitioner filed a reply. On January 18, 2017, the Court held an evidentiary hearing. The Court now finds the petition should be denied.

II.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective

assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

III.

Petitioner claims her counsel promised her that if she pled guilty and cooperated with the government, the government would file a motion requesting that she be sentenced below the sentencing guidelines pursuant to USSG § 5K1.1, and that she would receive a sentence of no more than 3 to 6 years in prison. Petitioner was sentenced to 120 months, and the government declined to file a § 5K1.1 motion.

The record shows Petitioner pled guilty pursuant to a plea agreement and plea agreement supplement. The plea agreement stated that Petitioner "understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Agopian fully understands that the actual sentenced imposed is (so long as it is within the statutory maximum) solely in the discretion of the Court." (ECF No. 158 at 2-3.) The plea agreement supplement stated that if "in its sole discretion" the government determined that Petitioner provided substantial assistance, the government would file a motion urging sentence consideration for that assistance. (ECF No. 160.) The plea agreement supplement also stated that it was within the sole discretion of the court whether to grant any motion for sentence consideration.

Additionally, at the plea hearing, Petitioner stated she read and understood the plea agreement. (ECF No. 387 at 12.) She also agreed that no one made any promise or assurance of

3

any kind, outside the plea agreement, in an effort to get her to plead guilty. (*Id*. at 12-13.) Petitioner also stated she understood that her sentence would be decided by the district judge. (*Id*. at 15.)

At the evidentiary hearing on this habeas petition, Petitioner contradicted her testimony from the plea hearing. She testified that she was promised a sentence of 3 to 6 years in prison if she pled guilty. She stated defense counsel directed her how to answer the court's questions during her plea and sentencing hearings, and she relied on her attorney's advice. She stated she first read the plea agreement when she was in court to plead guilty, and her defense counsel told her to tell the court she read and understood the agreement. She also testified she did not remember reading the plea agreement supplement. She testified she did not know she could speak at sentencing to tell the court that her attorney promised her a sentence of no more than 3 to 6 years. She stated that if her attorney had not promised that the government would file a 5K1.1 motion, and that she would receive a sentence of no more than 3 to 6 years, she would not have pled guilty but would have proceeded to trial.

In her petition, Petitioner also submitted the affidavit of her friend, Artashes Elvajyan, in which he stated that Petitioner's defense attorney, Bassey Akpaffiong, told him and Petitioner that Petitioner would receive a sentence of no more than 3 to 6 years if she pled guilty. (ECF No. 2-2.) Elvajyan testified at the evidentiary hearing that he met Akpaffiong at Petitioner's bond hearing, and that Akpaffiong told him Petitioner would receive a sentence of "up to 5 years" in prison, rather than 3 to 6 years in prison as stated in his affidavit. Elvajyan also testified that he had no further contact with Akpaffiong after Petitioner's bond hearing.

Defense attorney Akpaffiong also testified at the evidentiary hearing. He stated he

discussed with Petitioner the advantages and disadvantages of proceeding to trial. He stated he believed proceeding to trial was risky for Petitioner based on her prior convictions. Akpaffiong testified the prosecutor never promised a particular sentence and did not promise to file a 5K1.1 motion. Akpaffiong also stated he never promised Petitioner a particular sentence, or that the government would file a 5K1.1 motion. He testified he instead told Petitioner that her sentence was solely in the discretion of the district judge. Akpaffiong stated he told Petitioner that if she fully cooperated with the government, it was possible the government would file a 5K1.1 motion. He also testified he met Artashes Elvajyan at Petitioner's bond hearing, and that he did not tell Elvajyan that Petitioner would receive a sentence of no more than 5 years. Akpaffiong stated that at the time of the bond hearing, he had not determined what Petitioner's sentence might be. He also testified that he raised the 5K1.1 issue during sentencing because he wanted the court to be aware of Petitioner's assistance to the government.

     The Court finds Petitioner's and Elvajyan's testimony was not credible. As discussed above, Petitioner stated during her plea hearing that no one made any promise or assurance of any kind, outside the plea agreement, in an effort to get her to plead guilty. She also stated that she read and understood her plea agreement and plea agreement supplement. She then contradicted this testimony at the evidentiary hearing. Although she claimed at the hearing that she only answered as her counsel instructed her to answer, and she did not know she could make any statement, the record shows she made statements to the court at her plea and sentencing hearings. Further, Elvajyan signed an affidavit stating that attorney Akpaffiong told him Petitioner's sentence would be no more than 3 to 6 years, which he contradicted at the hearing by stating Akpaffiong told him the sentence would be no more than 5 years. Finally, the Court finds

5

attorney Akpaffiong's testimony to be credible. The Court finds Akpaffiong did not promise Petitioner that the government would file a 5K1.1 motion or that her sentence would be no more than 3 to 6 years. Petitioner has failed to show that she received ineffective assistance of counsel.

### III.     Recommendation

For the foregoing reasons, the Court recommends that Petitioner's § 2255 petition be DENIED.

IT IS SO ORDERED.

Signed this 26th  day of January, 2017.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).